■ In the Matter of ROBERT J. TROELLER, Respondent, v DEPARTMENT OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [989 NYS2d 32]—

Order and judgment (one paper), Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered January 7, 2013, confirming the arbitration award, dated August 20, 2010, which, upon a finding of improper suspension, awarded the grievant wages and applicable benefit contributions for the period from 30 days after his suspension through the date of the first arbitration hearing, unanimously modified, on the law, to define the period as from 30 days after the suspension through the

date of the grievant's retirement, and otherwise affirmed, without costs.

The grievant was suspended indefinitely pursuant to article III (9) of the collective bargaining agreement (CBA) based on his failure to provide a proper accounting of funds allocated to him in connection with his employment as a custodian engineer. He remained suspended until he retired on November 30, 2004.

Petitioners filed a grievance contending that suspension without pay is limited to 30 days by Civil Service Law § 75 (3), which is incorporated into the CBA under article XVII (4) (B). After a hearing, the arbitration panel found that the grievant had been improperly suspended for more than 30 days, in violation of the CBA, and awarded him wages and benefit contributions for the period from 30 days after his suspension through the date of the first arbitration hearing, which was held September 29, 2005.

Respondents are correct that, since the CBA and Civil Service Law § 75 (3) permit back-pay awards only for periods of improper suspension, even if the grievant was suspended improperly, the arbitrators exceeded their power (CPLR 7511 [b] [1] [iii]) by awarding him back pay for a period of time following his voluntary retirement.

However, we reject respondents' argument that the arbitrators exceeded their power by deciding the grievance under the Civil Service Law, based on their contention that this impermissibly interfered with their exercise of discretion pursuant to CBA article III (9), which imposes a penalty that is not disciplinary in nature. *"[E]ven in circumstances where an arbitrator makes errors of law or fact,* courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72, 83 [2003]).

We have considered respondents' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Clark, JJ.